**LAITRAM MACHINERY, INC.**

v.

**CARNITECH A/S, et al.**

**Civ. A. No. 92–3841.**

United States District Court, E.D. Louisiana.

Dec. 18, 1995.

Barry Louis LaCour, Laitram Corp., Harahan, LA, Robert Perry McCleskey, Jr., Warren Anthony Cuntz, Jr., Phelps Dunbar, New Orleans, LA, Timothy J. Malloy, Gregory J. Vogler, D. David Hill, McAndrews, Held & Malloy, Chicago, IL, for Laitram Machinery Inc., Asgeir Bjarnasson.

Bernard Marcus, Charles Kirk Reasonover, Marc J. Yellin, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Carnitech A/S.

Harry Simms Hardin, III, Jones, Walker, et al., New Orleans, LA, Patrick Hannon Patrick, Trinchard & Trinchard, New Orleans, LA, Elsie T. Apthorp, Maitland, FL, for Seafood Equipment Development Corp.

Charles Emmett Pugh, National Law Offices of Pugh/Associates, Patent & Trademark Attorneys Ltd., New Orleans, LA, for Skrmetta Machinery Corp.

Charles Emmett Pugh, Rickey Ray Hudson, National Law Offices of Pugh/Associates Patent & Trademark Attorneys Ltd., New Orleans, LA, for Dennis Skrmetta, Barbara Skrmetta, Eric Skrmetta, Melissa Skrmetta.

Robert Perry McCleskey, Jr., Warren Anthony Cuntz, Jr., Phelps Dunbar, New Orleans, LA, Timothy J. Malloy, Gregory J. Vogler, McAndrews, Held & Malloy, Chicago, IL, for Laitram Corp., George Charles Lapeyre, Brent A. Ledet, James M. Lapeyre, Donald Quick, James Saul.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is an *ex parte* "Motion and Memorandum for Leave to Hear Motions Less Than Thirty Days Prior to Trial" filed by plaintiff Laitram Machinery, Inc., and various cross-defendants and defendant "Skrmetta Machinery Corporation's Motion to Strike 'Laitram Machinery, Inc. and Third–Party Defendants' Motion for Summary Judgment.'" Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS each motion in part and DENIES each motion in part.

### Background

Laitram Machinery, Inc. (hereinafter "Laitram"), filed suit in November 1992 against

three defendants, Seafood Equipment Development Corporation, a Florida corporation; Carnitech A/S, a Danish corporation, and Skrmetta Machinery Corporation (hereinafter "Skrmetta"). The lawsuit alleged federal antitrust law violations, Louisiana antitrust law violations, and violations of the Lanham Act, 15 U.S.C. § 1125(a), based upon alleged false representations about Laitram's products and alleged patent coverage for defendant's products. The lawsuit also sought declaratory judgment that Laitram was not infringing on a patent allegedly owned (or assigned) to the Florida corporation and, further, alleged claims pursuant to the Louisiana Unfair Trade Practices Law, LSA–R.S. 51:1405 et seq., as well as claims of defamation and conspiracy to defame against the Florida and Danish corporations.[1] In a counterclaim Laitram also seeks damages against Skrmetta for infringement of U.S. Patent 4,862,794.[2]

The claims against the Florida and Danish corporations have been settled.[3]

Skrmetta filed a counterclaim/third-party claim against Laitram alleging state and federal antitrust claims, Lanham Act claims, Louisiana Unfair Trade Practices claims, and an abuse of process claim.[4] The counterclaim also sought declaratory judgment of patent invalidity, unenforceability and/or non-infringement of three patents owned by Laitram (hereinafter, the '794 patent, the '538 patent and '265 patent).[5] This count sought a declaratory judgment that Skrmetta's shrimp cooking and/or peeling machines do not infringe on Laitram's patents for its machines. This count also alleged initially and in subsequent amendments that Laitram or its parent company, The Laitram Corpora-

tion, engaged in "inequitable conduct" in obtaining certain patents, including those three noted above as well as the re-issued patent of the '794 patent, which was reissued as Re. 34,646 (hereinafter " '646"). Skrmetta alleged a lack of candor with the U.S. Patent and Trademark Office and the examining patent attorneys by Laitram, its parent corporation or their predecessors in interest when those patents were obtained.[6]

Both sides filed motions for summary judgment, each of which was granted in part and denied in part.[7]

This case was set for trial in March 1995 but continued on Skrmetta's motion. At that time, due to the age of this case, the order continuing the trial stated that "no deadlines previously imposed are extended and no amendment of pleadings are allowed without specific leave of Court," except as to the issue of infringement in Laitram's counterclaim.[8] The Court later signed a scheduling order resetting the trial date to January 29, 1996, but imposing certain limits on any further discovery and extension of deadlines in this matter.[9] Although the Court's order provided that pretrial motions should be filed and served in time for hearing no later than 30 days prior to trial date, the order also limited discovery to plaintiff's counterclaim for patent infringement and stated, in accord with the order continuing the trial, that any deadlines previously set were not "extended and no amendments of pleadings are allowed without specific leave of court." [10]

Additionally, prior to the previous trial date, Laitram had filed motions for expedited hearing on five motions in limine, each of which the Court denied when the trial was continued with the following order: "Denied.

---

1. The foregoing factual background is taken from the Complaint and First Amended Complaint. (R.Docs. 1 and 2.)

2. R.Doc. 244.

3. R.Docs. 33 and 83.

4. R.Doc. 70.

5. Id. The actual patent numbers are 4,862,794; 5,184,538; and 5,120,265. The Court notes that, by Order dated March 21, 1995, the United States Court of Appeals for the Federal Circuit

granted Laitram's Petition for Mandamus and, among other things, ordered that the declaratory judgment action be dismissed as to the '538 and '265 patents. (R.Doc. 238.)

6. R.Docs. 70, 86 and 128.

7. R.Docs. 243 and 255.

8. R.Doc. 242.

9. R.Doc. 250.

10. Id.

Mover should reset this motion for hearing on a regularly scheduled motion date, if necessary." [11]

In its present motion Laitram seeks to file six motions in limine and three substantive motions. As listed in Laitram's motion, they are:

(1) Plaintiff's Motion in Limine Precluding Skrmetta Damages Claims Based on a 45% Market Share Theory on Grounds of Statute of Limitations, Laches and Law of the Case;

(2) Laitram Machinery Inc.'s Motion in Limine to Preclude Skrmetta from Introducing Evidence and Witnesses on Issues Not Related to Issues in the Case;

(3) Plaintiff's Motion in Limine to Exclude Evidence at Trial Related to Settlement Discussions;

(4) Plaintiff's Motion in Limine to Exclude Evidence at Trial Related to Patent Marking, Invalidity and Unenforceability of Expired, Non–Pled Laitram Patents, and a 1967 FTC Order Under Law of the Case;

(5) Laitram Machinery Inc.'s Motion in Limine to Bifurcate the Issue of Inequitable Conduct for Bench Trial;

(6) Laitram Machinery Inc. and the Laitram Corp.'s Motion for Summary Judgment of Infringement;

(7) Laitram Machinery Inc.'s Motion to Dismiss the Skrmetta Children;

(8) Plaintiff's Motion in Limine to Preclude Dr. Culbertson from Testifying in Skrmetta's Case–in–Chief for Failure to Comply with This Court's Order Regarding Expert Reports; and

(9) Laitram Machinery Inc. and Third Party Defendants' Motion for Summary Judgment.

Motions in limine Nos. 2, 4, 5, 6, 7, and 9 are the motions that were previously denied an expedited hearing. Motion No. 9 has actually already been filed with the Court on November 29, 1995, and noticed for hearing on January 10, 1996.[12]

In support of its motion Laitram argues that these motions would have been timely filed under the Court's order to set motions for hearing no later than 30 days prior to trial date but for the fact that the motion date for December 20, 1995, had been closed. Therefore, it seeks to set these motions for hearing on January 10, 1996.

In its motion Skrmetta contends that Laitram's motions were not timely filed under the Court's previous scheduling order that required motions to be heard no later than 30 days prior to the trial date. Further, Skrmetta contends that all motions but the motion for summary judgment as to infringement should be stricken because the Court "froze" the case as to all issues except for infringement in its scheduling order.[13]

In opposition to Skrmetta's motion, Laitram again contends that its motions were timely filed. It further maintains that the Court's scheduling order only affected discovery and that determination of the issues raised by the motions will narrow the issues for trial.

### Law and Application

■ A court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).[14] *See also In re Stone*, 986 F.2d 898, 903 (5th Cir.1993) (courts have inherent power to require party to have representative with set-

---

**11.** R.Docs. 246–50. The Court notes, importantly, that the motions in limine themselves were never filed and/or noticed for hearing. Laitram relied solely on its motions for expedited hearing in seeking to have these motions heard by the Court.

**12.** R.Doc. 269.

**13.** Although the title of Skrmetta's motion only seems to address one of Laitram's motions, in its memorandum in support it clearly seeks to strike

all of Laitram's motions. Skrmetta's memorandum in support, pp. 1–2, 5. (R.Doc. 276.)

**14.** Although the Supreme Court made this statement in the context of a court's power to stay a matter, the Supreme Court stated that the power to stay proceedings is "incidental" to the inherent power described above. *Id.* Other courts have not limited the Supreme Court's pronouncement to the issue of whether to grant a stay of a matter, as shown by the Fifth Circuit citations *infra.*

tlement authority present at pretrial conferences where district court invoked inherent power to manage docket as basis for this power; such inherent power, as described in *Landis,* is part of court's powers "deemed necessary for efficient and orderly administration of justice"); *Matter of U.S. Abatement Corp.,* 39 F.3d 556, 560 (5th Cir.1994) (bankruptcy court's determination as to what order to consider motions is left to sound discretion under inherent power set forth in *Landis* ).

Local Rule 2.02E provides, in pertinent part, that every motion must be filed "not later than the fifteenth day preceding the notice hearing date." U.L.L.R. 2.02.E.

However, the local rules do not provide—nor does this Court think they contemplate—the filing of all substantive motions on·the last motion date prior to trial, a practice that is becoming increasingly more prevalent in cases before this Court. Nor does this Court's scheduling order so provide; it only states that "all pretrial motions shall be filed and served in sufficient time for hearing thereon *no later than* 30 days prior to trial date." (Emphasis added.) [15]

Applying these guidelines to the present situation, *it is clear* from the Court's previous scheduling order that discovery would be allowed as to the issue of infringement raised by Laitram's counterclaim. It is also clear from reading *in pari materia* the Court's orders continuing the trial and rescheduling the trial that, except for the infringement issue, no deadlines that had been previously imposed were extended, including deadlines as to the filing of any motions on any other issues. The only other exception would be if the Court granted permission to file any other motions.[16]

Bearing this in mind, the Court addresses the instant motions on the basis of three categories of motions that Laitram seeks to file (or has filed): 1) any motions as to the issue of infringement on which the Court allowed discovery after the last continuance of the trial of this matter; 2) any other substantive motions; and, 3) the motions in limine.

## I. Motions as to Infringement

■ The Court will allow Laitram's motion for summary judgment as to infringement to be filed. Although Laitram sought to file it at the virtual last minute before trial, a practice this Court does not condone and will monitor carefully to weed out abuse, the motion is timely. The Court will not penalize Laitram because the Court's own motion date was closed. Further, there appears no abuse in the record by Laitram despite the late-filing of the motion.[17]

## II. Other Substantive Motions

■ The Court agrees with Skrmetta that, as of the time that this trial was last continued and reset, this case has been frozen except for discovery and related motions arising out of the infringement issue. The continuance of trial last Spring was not designed to allow the parties to devise new theories upon which summary judgment or dismissal could be sought. Except as to the infringement issue raised by Laitram's counterclaim (and, quite obviously, any defenses that Skrmetta may have raised as to this counterclaim), the case was stopped in its tracks. As explained, the continuance order and scheduling order did not extend any deadlines other than as to the infringement issue (or the motions in limine, as will be explained herein). Deadlines were not reset for the filing of new, additional substantive motions.

Therefore, the Court will not allow any other substantive motions to be set for hearing, and, to the extent that Laitram has already filed a motion for summary judg-

15. *See* R.Doc. 245, p. 1.

16. The Court also notes that despite the parties' apparent confusion about the Court's order, no party has asked the Court to clarify its order.

17. Indeed, Skrmetta concedes as much in its memorandum in support, stating that the only motion filed by Laitram in its latest "flurry" of motion that is not cut off by the Court's scheduling order is the motion for summary judgment as to infringement. Skrmetta's memorandum in support of its motion to strike, p. 5. (R.Doc. 276.)

ment, the Court will order it stricken from the record.

Laitram is not prejudiced by this ruling, for it remains able to move for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 during trial.

### III. Motions in Limine

█ It is true that the Court previously denied the motions for expedited hearing on five of the six motions in limine that Laitram now seeks to file and instructed Laitram to file these on a "regularly scheduled motion date, if necessary." However, the meaning of the Court's scheduling order, as explained above, coupled with the import of the identical orders denying expedited hearing make it clear that the Court did not grant Laitram the right to re-file these motions in limine on the last hearing date 30 days before trial date. Numerous motion days have come and gone since the motions for expedited hearing were denied, yet Laitram declined to seek hearing on any of these motions in limine on those earlier dates. Instead, Laitram asks this Court—on the virtual eve of trial—to decide various evidentiary issues on motions that could have been filed much earlier. Abuse is self-evident in Laitram's request under the circumstances, and the Court declines Laitram's invitation to hear these motions at this time. Moreover, the Court notes that at least two of these motions in limine, the motion to bifurcate and the motion to preclude damages on a 45% market-share theory, seem to involve substantive issues more than pure evidentiary issues. For the Court to entertain these motions now would disrupt the opposing litigants' preparation for trial and the Court's own docket simply because Laitram failed to file these motions earlier. Therefore, based on its inherent power to control its docket, the Court denies Laitram's motion insofar as it seeks to file the five motions in limine on which motions for expedited hearing were denied earlier.

Finally, as with the substantive motions not addressing infringement, this ruling does not prejudice Laitram in any way; Laitram is not foreclosed from making objections at trial on evidentiary issues.

█ As to the motion in limine not previously filed, *i.e.,* the motion in limine to preclude Skrmetta from introducing evidence as to issues not related to issues in this case, Laitram again tries the Court's patience by filing this motion so late. However, because Laitram has not raised this issue previously and because the Court can discern no abuse of the Court's prior orders from the record, the Court will allow this motion to be set for hearing.

### IV. Conclusion

In today's ruling, the Court exercises its inherent power to control its docket in favor of itself, counsel and litigants and in the interest of justice, not only in this case but in other cases set before the Court. The Court's purpose is to maintain an even, fair balance among all litigants preparing for trial. *Landis,* 299 U.S. at 254, 57 S.Ct. at 166. Too often the Court has witnessed motion practice denigrate into a trial tactic designed to overwhelm the opposing party at the last minute. The Court will not countenance such polemic tactics as a matter of general principle, for it is unfair to anyone involved in litigation. In line with this principle, the Court will only set two motions for hearing on January 10, 1995: Laitram's motion for summary judgment as to infringement and its motion in limine to preclude Skrmetta from introducing evidence unrelated to issues in this case.

Accordingly,

IT IS ORDERED that the "Motion and Memorandum for Leave to Hear Motions Less Than Thirty Days Prior to Trial" filed by Laitram Machinery, Inc., and "Skrmetta Machinery Corporation's Motion to Strike 'Laitram Machinery, Inc. and Third Party [sic] Defendants' Motion for Summary Judgment'" are each GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Clerk of Court set "Laitram Machinery Inc. and The Laitram Corp.'s Motion for Summary Judgment of Infringement" and "Laitram Machinery Inc.'s Motion in Limine to Preclude Skrmetta from Introducing Evidence and Witnesses on Issues Not Related

to Issues in the Case" on the motion docket for January 10, 1996.

IT IS FURTHER ORDERED that Laitram Corporation and Third–Party Defendants' motion for summary judgment filed on November 29, 1995, and set for hearing on January 10, 1996, be REMOVED from the motion docket.